UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES DOWERS,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>JUSTIN ERIC MIZE, in his individual<br>capacity as a deputy of the Sullivan County<br>Sheriff's Department; and BRIAN KINNETT,<br>in his individual capacity and official<br>capacity as sheriff of the Sullivan County<br>Sheriff's Department,<br>　　　　Defendants. | 1:09-cv-0270-LJM-DML |

## ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter comes before the Court on plaintiff's, James Dowers ("Dowers"), Motion for Leave to File Amended Complaint (Dkt. No. 29). In Dowers' Complaint (Dkt. No. 1), he alleged that defendant, Justin Eric Mize ("Officer Mize"), unlawfully entered his apartment and arrested him using excessive force, in violation of both the Fourth Amendment and Indiana law. In addition, Dowers alleged that defendant, Brian Kinnett ("Kinnett"), is liable in his official capacity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978), for negligently hiring and training Officer Mize. Dowers' proposed Amended Complaint adds Joshua Cary ("Officer Cary") as a named defendant for purposes of Dowers' unlawful arrest and excessive force claims. Officer Mize and Kinnett (collectively, "Defendants") argue that Dowers has not demonstrated good cause for amending his Complaint after the expiration of the Case Management Plan ("CMP") deadline (Dkt. No. 14) as required by Federal Rule of Civil Procedure 16(b) ("Rule 16(b)").

For the reasons articulated below, the Court **DENIES** Dowers' Motion for Leave to File Amended Complaint.

### I. BACKGROUND

The incident in question occurred on July 21, 2008. Pl.'s Compl. ¶ 7. As alleged in the Complaint, Dowers was sound asleep when, at approximately 11:00 p.m., Officer Mize knocked loudly on his door. *Id.* ¶¶ 7-8. Officer Mize was in pursuit of two individuals that he mistakenly believed entered Dowers' apartment. *Id.* ¶ 9. Officer Mize accused Dowers of allowing the individuals access to his apartment to avoid apprehension. *Id.* Dowers denied that the individuals were in his apartment and refused to allow Officer Mize to search his home. *Id.* ¶ 10. Officer Mize pushed the door open and forcibly removed Dowers from his apartment. *Id.* ¶ 11. Dowers was arrested, handcuffed, and forced to stand outside wearing only his sleeping attire for approximately thirty minutes. *Id.* ¶¶ 11, 16. Shortly thereafter, the individuals Officer Mize had been searching for were found in a different apartment in the same complex. *Id.* ¶ 20.

Dowers was taken to the Sullivan County Sheriff's Department Jail where he was booked on a charge of battery on a police officer. *Id.* ¶ 17. Bond was set at $5,000. *Id.* However, before Dowers' attorney could enter an appearance, the charges were dropped. *Id.* ¶ 18. Three days after the incident, Dowers' daughter obtained a copy of the Incident Offense Report ("Arrest Report"). Dkt. No. 30 at 2; Dkt. No. 33 at 2. The Arrest Report stated that Officer Cary arrived while Officer Mize and Dowers were struggling and that Officer Cary and Officer Mize worked together to arrest and handcuff Dowers. Def.'s Ex.

D; Dkt. No. 30 ¶ 9.  In his Complaint, Dowers alleged that the Arrest Report contains false and misleading statements designed to cover up the officers' illegal conduct.  Pl.'s Ex. B ¶ 19; Pl.'s Compl. ¶ 19.  Dowers further alleges that Officer Mize and Officer Cary's rough treatment of him caused him to suffer a torn rotator cuff and serious emotional harm.  Pl.'s Ex. B ¶ 12; Pl.'s Compl. ¶ 12.

On March 3, 2009, Dowers initiated this action pursuant to 42 U.S.C. § 1983 ("§ 1983") for the alleged deprivation of his rights under the Fourth and Fourteenth Amendments.  Pl.'s Compl. ¶ 1.  On September 1, 2009, Dowers served a set of interrogatories on Officer Mize in which Officer Mize was asked to describe the events surrounding Dowers' arrest.  Dkt. No. 33 at 3.  His answers included, among other things, a sentence concerning the fact that Officer Cary and Officer Mize worked together to arrest and handcuff Dowers.  *Id.*  On February 15, 2010, Officer Cary stated during a deposition that he also assisted Officer Mize in dictating the Arrest Report.  Pl.'s Ex. A; Dkt. No. 29 ¶¶ 6-7.  The report did not indicate that Officer Cary participated in its creation, and Officer Cary testified that he did not file a separate report because he was not required to do so.  Pl.'s Ex. A; Dkt. No. 29 ¶ 7.  On April 8, 2010, Dowers moved for leave to add Officer Cary as a defendant.  Dkt. No. 29 at 1.  The CMP (Dkt. No. 14) in this matter provides that any motion to amend the pleadings was to be filed by September 3, 2009.

## II.  DISCUSSION

Dowers seeks to amend his Complaint to add Officer Cary as a defendant.  Specifically, Dowers claims that: (1) Officer Cary used excessive force when he assisted Officer Mize in placing handcuffs on Dowers, and (2) Officer Cary participated in Dowers'

false arrest. Dowers asserts that he exercised due diligence but was nevertheless unable to discover the evidence that supports his proposed amendment prior to the expiration of the CMP deadline. Defendants argue that Dowers has not demonstrated good cause for amending his Complaint after the CMP deadline.

Courts have a legitimate interest in ensuring that parties abide by scheduling orders to ensure prompt and orderly litigation. *See* Fed.R.Civ.P. 16(f) (allowing the imposition of sanctions where a party's attorney fails to obey a scheduling order). When a plaintiff seeks to amend his complaint after the expiration of the trial court's deadline to amend pleadings, the initial standard to be applied is not the "freely given" standard of Federal Rule of Civil Procedure 15 ("Rule 15"), but rather the "good cause" standard of Rule 16(b). *Trustmark Ins. Co. v. General and Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Rule 16(b) provides in pertinent part that a schedule may be modified only for good cause and with the judge's consent. Fed.R.Civ.P. 16(b)(4); *U.S. v. 1948 S. Martin Luther King Dr.*, 270 F.3d 1102, 1110 (7th Cir. 2001). "In this context, 'good cause' means that the deadline could not be met despite the party's diligence." *Sulkoff v. U.S.*, No. IP 01-1341-C-T/L, 2003 WL 1903349, at * 3 (S.D. Ind. January 29, 2003). In other words, to demonstrate good cause, Dowers must show that despite his diligence, the timetable could not reasonably have been met. *Tschantz*, 160 F.R.D. at 571.

Here, Dowers fails to establish good cause for amending his Complaint almost seven months after the CMP deadline. Dowers contends that he did not move for leave to add Officer Cary as a defendant until April 8, 2010, because he only learned the full extent of Officer Cary's participation in Dowers' arrest during Officer Cary's deposition on February 15, 2010. The problem with this argument is that Officer Cary's deposition

testimony added very little to what Dowers already knew. For example, Dowers already knew that another officer, in addition to Officer Mize, participated in handcuffing Dowers and placing him under arrest. In addition, the Arrest Report, which Dowers had access to long before Officer Cary's deposition, identified Officer Cary as the deputy who assisted Officer Mize in handcuffing Dowers. Therefore, the only new information Dowers learned during Officer Cary's deposition was the fact that Officer Cary also assisted Officer Mize in dictating the Arrest Report—a detail that is largely irrelevant for purposes of Dowers' false arrest and excessive force claims. In the Court's opinion, the proposed amendment is a mere attempt to correct an oversight. Therefore, the Court concludes that Dowers has failed to exercise the diligence that would justify his proposed untimely amendment. *Tschantz*, 160 F.R.D. at 571. Accordingly, Dowers' Motion for Leave to File Amended Complaint is **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's, James Dowers, Motion for Leave to File Amended Complaint (Dkt. No. 29).

IT IS SO ORDERED this 2nd day of July, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution to:

Samuel Mark Adams
MICHEAL K. SUTHERLIN AND ASSOCIATES
msutherlin@gmail.com

Laura Paul
LAURA PAUL, PC
laurapaul1@verizon.net

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com